## Theisen v. City of Louisville.

Oct. 29, 1940.

Churchill Humphrey, Judge.

Lawrence S. Grauman and Robert L. Sloss for appellant.
H. O. Williams for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The City of Louisville instituted this proceeding to obtain a declaration of rights between it and the Jefferson County Court Clerk as to whether the Clerk should place a bond issue question propounded to the voters under a city ordinance upon the regular ballot to be used at the coming general election, or upon a separate ballot. The question to be put to the voters in the City is:

"Shall the City of Louisville incur an indebtedness and issue and sell its bonds in evidence thereof in the amount of Two Million Five Hundred Thousand ($2,500,000.00) Dollars as provided in Ordinance No. 312, Series 1940, for the purpose of financing the purchase of rights-of-way and the settlement of damages and a portion of the cost of construction

and establishment of sewage intercepters, pumping stations and other things necessary and incidental to the establishment of flood protection for the City of Louisville, and authorizing and providing for the levy and collection of an annual tax in an amount not to exceed One Hundred Thirty-five Thousand ($135,000.00) Dollars per annum for the purpose of paying the interest and principal of such bonds and creating a sinking fund therefor?''

Section 186b-10 of the Statutes, Supp. 1940, c. 127 of the Acts of 1940, provides for the submission of such questions in a city of the first class. The chancellor held that it was the intention of the legislature that such a question be placed upon a separate ballot, so that a full expression of the will of the voters of the city might be obtained. The County Court Clerk is appealing.

Plausible reasons are advanced by the City in support of its contention that the aforementioned question should be placed upon a separate ballot. We have reluctantly reached the conclusion, however, that Section 186b-10 of the Statutes provides otherwise. This section reads in part as follows:

"* * * Upon filing by the city of a certified copy of an ordinance ordering such an election with the county clerk of the county in which such city is located, thirty days prior to any regular election, it shall be the duty of the county clerk to cause to be printed upon the ballots, to be used in the city precincts of such county at such election, the question of the issuance of bonds by said city as proposed by such ordinance. The expenses thereof shall be paid as other election expenses are paid. The election shall be held in the manner provided by general law for submitting public measures to a vote of the people, and shall be held at the same time and place, and in the same manner, and by the same officers as the regular election of that year. * * *''

An examination of the first sentence of this part of Section 186b-10 shows that it is the duty of the county clerk to cause to be printed upon the ballots to be used at the regular election in the city precincts the bond issue question. Furthermore, the last sentence of the quotation provides that the election on the bond ques-

tion shall be held in the manner provided by general law for the submission of public measures to the voters.

Section 1459 is the general statute providing for the submission of public questions to the voters. This section reads in part:

"Whenever a constitutional amendment or other public measure is purposed to be voted upon by the people, the substance of such amendment or other public measure shall be clearly indicated upon the ballot and two spaces shall be left upon the right of the same, one for votes favoring the amendment, or public measure, to be designated by the word 'Yes' and one for votes opposing the amendment or measure, to be designated by the word 'No.' * * *"

In commenting upon the portion of section 1459 just quoted this Court said in the case of Nuetzel, County Clerk v. Bradsby, 205 Ky. 130, 265 S. W. 503, 504:

"The language, supra, does not intimate that a separate ballot is contemplated for such measures; but, on the contrary, the use of the words 'the ballots' as distinguished from 'separate ballots,' appearing in connection with nonemblem tickets, clearly indicates that the Legislature intended to place such measures upon the regular ballot.

"True, where several measures are to be voted upon, the voter will be under the necessity of distinguishing between them; but it seems to us that this is less confusing and more easily accomplished than it would be if each appeared upon a separate ballot."

See also the case of Bullitt v. City of Louisville, 213 Ky. 756, 281 S. W. 1031. In the latter case it was pointed out that it has been the custom in this state for many years to submit questions involving bond issues, constitutional amendments, special taxes, and the like, by printing the question on the margin of the regular ballot. Both the Nuetzel and Bullit cases refer to instances where the legislature has made provision for separate ballots. It is obvious from what has been said, therefore, that the bond question before us should be placed upon the regular ballot.

An examination of the ordinance adopted by the

Board of Aldermen of the City reveals that that body entertained the view that the question should be placed upon the regular ballot, because Section 2 of the ordinance provides in part:

"On each ballot, which shall be prepared for use in the City of Louisville in the General Election on November 5, 1940, there shall be printed the following question or proposition required to be submitted to the qualified voters of the City of Louisville by this ordinance, * * *."

We can not escape the conclusion, therefore, that the judgment should be and it is reversed, with directions to set it aside and to enter a judgment in conformity with this opinion.

Judge Tilford dissenting.